# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANIEL LUCERO BRAVO,** | **Civil Action No. 16-4937 (JLL)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **WARDEN CHARLES L. GREEN, et al.,** | |
| **Respondents.** | |

**LINARES**, District Judge:

Currently before the Court is the petition for a writ of habeas corpus of Petitioner, Daniel Lucero Bravo, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1).[1] Following an order to answer (ECF No. 5), the Government filed several responses to the Petition. (ECF Nos. 7, 10-11). Petitioner did not file a reply. For the following reasons, this Court will dismiss the petition without prejudice for failure to exhaust.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico who entered this country without parole or inspection at some point in 1998. (ECF No. 1 at 1-2). He thereafter settled in Edison, New Jersey, with his family. (*Id.*). In February 2016, Petitioner was taken into immigration custody and entered into removal proceedings. (Document 1 attached to ECF No. 7). Following a determination that Petitioner should remain in custody (*see* Documents 2-3 attached to ECF No. 7), Petitioner requested a bond hearing before an immigration judge in March 2016. (Document

---

[1] In his habeas petition, Petitioner refers to himself as both Daniel Luccro Bravo and Daniel Lucero Bravo. (*See* ECF No. 1). The Government, both in its responses and in Petitioner's removal proceedings, however, refers to Petitioner as Daniel Lucero Bravo. (*See, e.g.,* ECF No. 7 at 1; Documents 1-4 attached to ECF No. 7). This Court thus assumes that Daniel Lucero Bravo is correct, and refers to Petitioner as such.

4 attached to ECF No. 7). On March 9, 2016, Petitioner appeared before an immigration judge for a bond hearing. (*Id.* at 2). Following the hearing, the immigration judge denied Petitioner release on bond, finding that Petitioner posed a danger to society because Petitioner was and continued to be "a member of the 18th Street Gang." (*Id.*). The immigration judge, in reaching that conclusion explained that

> [Petitioner] admitted that he was previously a member of [the gang]. [The Government] also submitted photographs of [Petitioner] displaying gang hand signs, as well as drawings by [Petitioner] with the 18th Street Gang logo. In addition, [the Government] submitted an affidavit of Deportation Officer Nicolas Jimenez. Officer Jimenez, who was assigned to [Petitioner's] case, stated that he interviewed Petitioner following his arrest and that [Petitioner] stated that he used to be a member of the . . . gang. Officer Jimenez stated that, although [Petitioner] claimed to have left the gang, "law enforcement sensitive information – the specifics of which cannot be revealed – strongly indicates that [Petitioner] has not left the gang and remains an active member." Although the court considered the evidence submitted by [Petitioner] including his length of residence, school records, United States citizen children, employment history, tax payment history, letters from his step-son, employer and pastor, DACA information, expert report, drawings, articles and family photos, it finds that the negative factors of his prior and current gang affiliation, which are serious indicators of his future dangerous propensities, outweigh any positive factors present. Thus, [Petitioner] has not met his burden of establishing eligibility for bond[.]

(*Id.* at 2-3). Petitioner appealed the denial of his request for bond, but the Board of Immigration Appeals denied his appeal on June 16, 2016, finding no error in the immigration judge's decision. (Document 6 attached to ECF No. 7).

Following the denial of Petitioner's appeal to the Board, Petitioner requested a second bond hearing, which he received on July 25, 2016. (*See* Document 1 attached to ECF No. 10). In his habeas petition, Petitioner contends that, at this second hearing, he argued to a second immigration judge that he had not received the affidavit of Officer Jimenez before his first hearing, and that he had been unable to oppose or counter the information contained in that statement before his bond request was denied. (*See* ECF No. 1 at 3). Although Petitioner's motion for a renewed bond

hearing does not contain any argument based on Petitioner's alleged inability to challenge this affidavit, the Government informs the Court that Petitioner did raise this argument orally before the second immigration judge during his July 25 bond hearing. (ECF No. 10 at 3). The second immigration judge, however, rejected this argument and again denied Petitioner bond, finding that Petitioner had not sufficiently shown a change in circumstances sufficient to warrant his release on bond. (Document 1 attached to ECF No. 10). Although Petitioner apparently reserved his right to appeal that order, Petitioner failed to file an appeal of this second bond decision. (ECF No. 10 at 3).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his petition, Petitioner essentially argues that he was denied procedural Due Process during his bond hearings because he was not permitted to offer testimony or evidence challenging the information contained within Officer Jimenez's affidavit regarding Petitioner's alleged

continued membership in the 18th Street Gang.[2] In making that claim, Petitioner seeks not only an order directing a new bond hearing, but also his "immediate release" from immigration custody. (ECF No. 1 at 12). The Government, in turn, contends that Petitioner has failed to exhaust his current procedural Due Process claim because he did not appeal the denial of bond during his second bond hearing, and has not presented his procedural argument to the Board of Immigration Appeals, and that his habeas petition must therefore be dismissed.

Initially, the Court must note that, to the extent Petitioner contends that he should be granted an immediate release from custody, this Court lacks jurisdiction to review or reconsider an immigration judge's discretionary decisions regarding the granting, revocation, or denial of bond or parole. *See* 8 U.S.C. § 1226(e). Thus, this Court lacks the authority to consider either Petitioner's entitlement to release or whether the immigration judges were mistaken in concluding that Petitioner posed a danger sufficient to require his continued detention without bond, and the Court cannot order Petitioner's release. *See, e.g., Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. Jan. 5, 2016). Thus, to the extent Petitioner requests that he be ordered released or merely disagrees with the decisions of an immigration judge or Board of Immigration Appeals, his request must be denied.

This Court does have the authority, however, to consider whether Petitioner was denied Due Process during his bond hearing, and, if the Court so determines, order that a new hearing be conducted. *Id.*; *see also Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 & n. 3 (D.N.J. July 26, 2013). Before the Court can reach the merits of Petitioner's contention that he was denied

---

[2] Although Petitioner couches his arguments in both the procedural and substantive aspects of the Due Process Clause, Petitioner's challenge arises solely out of his alleged inability to present evidence on his own behalf and challenge the evidence against him presented by the Government, a challenge that is procedural in nature. Thus, to the extent Petitioner has a substantive Due Process claim, it appears that that claim depends entirely upon his contention that he was denied procedural Due Process.

the procedural protections of the Due Process Clause during his bond hearings, however, the Court must first address the question of whether Petitioner has properly exhausted that claim before the immigration judges and Board. Immigration detainees seeking review of their detention by a district court via a petition for a writ of habeas corpus are required to exhaust all available administrative remedies before pursuing a habeas petition. *See, e.g., Yi v. Maugans*, 24 F.3d 500, 503-04 (3d Cir. 1994); *see also Okonkwo v. I.N.S.*, 69 F. App'x 57, 59-60 (3d Cir. 2003); *Sheba v. Green*, No. 16-230, 2016 WL 3648000, at *3 (D.N.J. July 7, 2016). A district court may not review the merits of an immigration detainee's habeas claims unless and until he has properly exhausted his administrative remedies. *Yi*, 24 F.3d at 503-04; *Okonkwo*, 69 F. App'x at 59-60; *Bernard v. Green*, No. 15-6462, 2016 WL 2889165, at *3 (D.N.J. May 17, 2016). Thus, if Petitioner could have, but did not, present his procedural claim to the Board of Immigration appeals, his claim is unexhausted and he may not raise that claim here via a petition for a writ of habeas corpus until such time as he does exhaust his administrative remedies. *Yi*, 24 F.3d at 503-04; *Okonkwo*, 69 F. App'x at 59-60; *Bernard*, 2016 WL 2889165, at *3. As the Board of Immigration Appeals does possess the authority and ability to correct procedural errors made by immigration judges such as the ones Petitioner asserts occurred during his second bond hearing, Petitioner was required to present his current Due Process claim to the Board in order to properly exhaust it. *See Garza v. Att'y Gen.*, 641 F. App'x 142, 145 (3d Cir. 2016) (the Board of Immigration Appeals possesses the authority to address correctable procedural errors, and thus an immigration detainee properly exhausts a claim that he was denied procedural Due Process by clearly presenting that claim to the Board of Immigration Appeals). Because Petitioner has failed to exhaust his procedural Due Process claim before the Board of Immigration Appeals in so much as he failed to appeal the denial of bond at his second bond hearing, his petition must be dismissed without prejudice for failure to exhaust administrative remedies.

## III. CONCLUSION

For the reasons expressed above, this Court will dismiss Petitioner's petition for a writ of habeas corpus (ECF No. 1) without prejudice because Petitioner has failed to exhaust his Due Process claim. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge

Dated: May 24, 2017